IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-139-GMS |
| | ) |
| WARDEN THOMAS CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Paul J. Smith ("Smith"), a prisoner incarcerated at Sussex Correctional Institute ("SCI"), Georgetown, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    THE COMPLAINT**

Smith is currently housed at SCI, but he brings this suit against the warden and deputy warden of the Delaware Correctional Center ("DCC") in Smyrna, Delaware. The named defendants are Warden Thomas Carroll ("Warden Carroll"), Deputy Warden Elizabeth Burris ("Deputy Warden Burris"), Commissioner Stanley Taylor ("Commissioner Taylor"), and the Delaware Department of Correction ("Delaware DOC"). The complaint contains a very short statement of claim alleging as follows: "prison conditions, and police brutality, cruel and unusual punishment, leaking ceiling, leaked rain into my cell, cold on heat, not clean, not safety, the whole prison condemn for human living". (D.I. 2.) In short, Smith attempts to allege an Eighth Amendment violation for conditions of confinement. He asks for compensatory damages and

medical care for stress, depression, and mental illness.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   ANALYSIS

### A.   Conditions of Confinement

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is

brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir. 2001).

###    B.    Pleading Deficiency

In the caption of the complaint and in the listing of parties Smith names as individual defendants Warden Carroll, Deputy Warden Burris, and Commissioner Taylor, but fails to make any allegations against them. A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Personal

involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk, or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, Smith does not indicate when or where the alleged violations occurred. Nor does he associate any of his allegations with any of the defendants. Hence, it is not clear which defendants, if any, were personally involved or had any supervisory liability for the alleged constitutional deprivations.

Based upon the foregoing, the claims against Warden Carroll, Deputy Warden Burris and Commissioner Taylor are dismissed for failure to state a claim upon which relief may be granted. Smith, however, is given leave to amend the complaint.

### C.    Eleventh Amendment Immunity

The Delaware DOC is also named as a named. The DOC is an agency of the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh,* 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.,* 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the Department

of Correction is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford,* C.A. No. 03-868-KAJ, 2004 WL 2009362, at *4 (D.Del. Aug. 25, 2004) (claim against DOC is dismissed on the basis of Eleventh Amendment immunity).

Because the Delaware DOC is immune from suit, Smith's claim against it has no arguable basis in law or in fact. The claim against the Delaware DOC is frivolous and it is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.  CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Smith is given leave to amend his complaint. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March 31, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-139-GMS |
| | ) |
| WARDEN THOMAS CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 31st day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE