IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL J. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 05-139-GMS ) |
| WARDEN THOMAS CARROLL, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Paul J. Smith ("Smith"), a prisoner incarcerated at Sussex Correctional Institute ("SCI"), Georgetown, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) Smith's original complaint was dismissed with leave to amend. (D.I. 7.) He filed an amended complaint on April 11, 2006. (D.I. 8.) The court now proceeds to review and screen the complaint and amended complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e.

**I.     THE COMPLAINT**

Smith is currently housed at SCI, but he brings this suit against the warden and deputy warden of the Delaware Correctional Center ("DCC") in Smyrna, Delaware. The named defendants are Warden Thomas Carroll ("Warden Carroll"), Deputy Warden Elizabeth Burris ("Deputy Warden Burris"), Commissioner Stanley Taylor ("Commissioner Taylor"), and the Delaware Department of Correction ("Delaware DOC"). Smith alleges that while housed at DCC as a pretrial detainee in October 2004, he was subjected to prison conditions that were poor, unclean, and dusty, with spider webs, roaches, and a leaky ceiling when it rains. Smith alleges

that prison officials were aware of the risk the conditions posed to inmate safety and health. He also alleges that defendants Warden Carroll, Deputy Warden Burris and Commissioner Taylor were aware of the conditions and did nothing.

Smith seeks compensatory damages for stress, depression, mental and pain and suffering.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action or when a prisoner challenges prison conditions 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) provide for screening of the complaint by the court. These three statutes provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Eleventh Amendment Immunity

The defendant Delaware DOC is an agency of the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh,* 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.,* 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the Department of Correction is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford,* C.A. No. 03-868-KAJ, 2004 WL 2009362, at *4 (D.Del. Aug. 25, 2004) (claim against DOC is dismissed on the basis of Eleventh Amendment immunity).

Because the Delaware DOC is immune from suit, Smith's claim against it has no arguable basis in law or in fact. The claim against frivolous and the Delaware DOC is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

#### B. Section 1997e(e)

Plaintiff makes no allegations of a physical injury. Rather, he seeks damages for stress, depression and mental illness injuries and asks to be compensated for his pain and suffering. Section 1997e(e) of the Prison Litigation Reform Act prohibits compensatory damages for mental or emotional injury absent allegations of physical injury. 42 U.S.C. § 1997e(e); *Allah v. Al-Hafeez,* 226 F.3d 247, 251 (3d Cir. 2000). It does not, however, bar claims seeking nominal

damages to vindicate constitutional rights, nor claims seeking punitive damages to deter or punish egregious violations of constitutional rights. *Id.* Accordingly, to the extent that plaintiff seeks compensatory damages, his claim is barred by § 1997e(e).

IV.   **APPOINTMENT OF COUNSEL**

Smith moves for appointed counsel on the bases that he does not know anything about a civil case, he does not have money to hire a lawyer, and he needs representation as soon as possible. (D.I. 9.) Smith, a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion, however, to appoint Smith an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed Smith's complaint, the court finds that the allegations are not of such a complex nature that representation by counsel is warranted at this time. Therefore, the motion for appointment of counsel is DENIED without prejudice with leave to renew upon service of the complaint.

V.   **CONCLUSION**

Based upon the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) the claim against the Delaware DOC is dismissed without prejudice as it is immune from the relief sought against it. To the extent that Smith is

seeking compensatory damages, his claim is barred by 42 U.S.C. § 1997e(e). Smith is allowed to proceed against the remaining defendants on his conditions of confinement claim. His motion for appointment of counsel is DENIED without prejudice with leave to renew upon service of the complaint. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

May 16, 2006
Wilmington, Delaware